Filed 10/6/23  P. v. Saechao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097566 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE014155) |
| v. | |
| LAI FOU SAECHAO, | |
| Defendant and Appellant. | |

Defendant Lai Gou Saechao appeals from the denial of his postconviction petition seeking resentencing pursuant to what is now Penal Code section 1172.6[1] (then § 1170.95).  Counsel for defendant filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this

---

[1]    Undesignated statutory references are to the Penal Code.

1

court to exercise its discretion to review the entire record for arguable issues on appeal. Defendant also filed a supplemental brief in propria persona. We will affirm.

## BACKGROUND

This appeal turns on the procedural posture of this case, not the facts underlying defendant's conviction. We briefly summarize the evidence at trial. Because defendant challenges the jury's factual findings, we " 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)

In 2018, defendant's nephew, David Saechao, entered a marijuana grow house in Sacramento in order to steal marijuana-growing equipment. According to David's testimony, he initially entered alone, and after seeing the equipment, called defendant to come over to help carry off more equipment. David decided to cut his uncle in on the burglary because he owed him money. At some point, a person inside the house surprised David, pulling him down from behind. The two fought. Defendant joined in the fight. Together, defendant and David severely beat the victim, inflicting injuries to his head, face, neck, chest, and other body parts. The victim died from a combination of blunt force injuries to the head, consistent with being kicked and punched repeatedly, and neck compression, consistent with manual strangulation. Subsequent investigation of the crime scene revealed David's blood throughout the house, defendant's blood on the front doorjamb, and blood from both men beneath the victim's fingernails. When interviewed by police, defendant initially lied to police, saying he had never been to the victim's house.

In 2019, the prosecution charged defendant with first degree murder and alleged defendant committed the murder while engaged in the commission of a burglary. The trial court instructed the jurors that they could only find defendant guilty of felony

2

murder if the prosecution proved that: "1. The defendant was the actual killer; [¶] 2. The defendant was not the actual killer, but, with the intent to kill, aided and abetted the crime of murder; [¶] OR [¶] 3. The defendant was not the actual killer, but was a major participant in the underlying felony of burglary and acted with reckless indifference to human life." (CALCRIM No. 540B.) The instruction also listed a number of factors for the jurors to consider in determining whether defendant was a "major participant" in the burglary and "acted with reckless indifference to human life." (*Ibid.*)

The trial court similarly instructed the jurors that, if defendant was not the actual killer and did not act with intent to kill, they could only find true the special circumstance allegation that defendant murdered the victim while committing the burglary if the prosecution proved that: "1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life." (CALCRIM No. 703.) This instruction also listed the factors for determining whether defendant was a "major participant" in the burglary and "acted with reckless indifference to human life." (I*bid.*)

The jury found defendant guilty of first degree felony murder and found true the allegation that defendant committed the murder while engaged in the commission of a burglary. The court imposed a sentence of life in prison without the possibility of parole.

Defendant appealed his conviction, and this court affirmed. (*People v. Saechao* (Mar. 11, 2022, C091327) [nonpub. opn.].) Defendant argued no substantial evidence supported any of the alternative findings required for his felony-murder conviction: defendant (1) was the actual killer, (2) aided and abetted commission of first degree murder with intent to kill, or (3) was a major participant in the burglary and acted with reckless indifference to human life. (*Ibid.*) This court affirmed, concluding there was substantial evidence defendant was an actual killer and therefore declining to determine

whether the evidence also supported the aiding and abetting with intent to kill or major participant acting with reckless indifference to human life theories. (*Ibid.*)

In 2020, defendant filed a petition for resentencing pursuant to what was then section 1170.95, now codified as section 1172.6. (See Stats. 2022, ch. 58, § 10.) The trial court found defendant had not made the required prima facie showing and denied the petition. Specifically, the court noted that the jury was instructed in accord with the current version of section 189 and had found defendant guilty beyond a reasonable doubt, so he was not entitled to relief under section 1172.6.

Defendant filed a timely notice of appeal. We appointed counsel to represent defendant on appeal. Counsel filed a brief pursuant to *Wende* and *Delgadillo* requesting that we independently review the entire record and stating defendant had been advised of the right to file a supplemental brief to raise any issues he believed deserved review. We notified defendant that, under *Delgadillo*, he had 30 days to file a supplemental brief or letter raising any issue he wished us to consider. We advised that if we did not receive a supplemental letter or brief within the 30 days, the appeal may be dismissed as abandoned. Defendant filed a supplemental brief in propria persona.

## DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental brief]," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues." (*Delgadillo, supra*, 14 Cal.5th at p. 232.) Defendant's only argument is that the jury's felony-murder verdict and special circumstance finding, which both indicate defendant was a major participant in the burglary and acted with reckless indifference to human life, are not supported by substantial evidence. Defendant misunderstands the function of section 1172.6.

Section 1172.6 does not "permit wholesale relitigation of findings supporting murder convictions." (*People v. Strong* (2022) 13 Cal.5th 698, 715 (*Strong*).) Rather,

4

section 1172.6 makes defendants eligible for resentencing only if, among other requirements, they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Where, like here, "a jury has determined beyond a reasonable doubt that a defendant was a major participant who acted with reckless indifference to human life, as those phrases are now understood and as the Legislature intended them to be understood when incorporating them into . . . section 189, then that defendant necessarily could still be convicted of murder under section 189 as amended." (*Strong*, at p. 710.) Accordingly, such defendants cannot make the prima facie showing required by section 1172.6, subdivision (c). (*Strong*, at p. 710; *People v. Farfan* (2021) 71 Cal.App.5th 942, 954.)

While our Supreme Court made an exception in *Strong, supra*, 13 Cal.5th at page 721 for defendants whose jury findings predated the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, defendant's trial postdated those decisions by several years. The opinion in *Strong* concluded defendants tried *after Banks* and *Clark* cannot relitigate jury findings that a defendant was a major participant who acted with reckless indifference to human life. (*Strong*, at p. 721; accord *People v. Farfan, supra*, 71 Cal.App.5th at p. 955.)

Accordingly, we reject defendant's argument that the jury's felony-murder verdict and felony-murder special-circumstance finding are unsupported by substantial evidence. We will affirm the trial court's denial of defendant's resentencing petition.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
RENNER, J.